IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROOSEVELT BANKS, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 12-607 |
| | : | |
| KMART CORPORATION, et al., | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                     **March 6, 2012**

Plaintiffs Roosevelt Banks and Marsha Banks filed a complaint in Philadelphia County against Kmart Corporation ("Kmart") and Red Maple Landscape, Inc. ("Red Maple Landscape") alleging personal injuries from a slip and fall on ice and snow in Kmart's parking lot. Kmart removed the case to this Court based on the Court's original jurisdiction under the provisions of 28 U.S.C. § 1332, and the removal provisions of 28 U.S.C. § 1441. Plaintiffs request the remand of this action to state court on the ground that the "Forum Defendant Rule" precludes removal based on diversity of citizenship where a defendant is a citizen of the forum state in which the case was originally filed. As discussed more fully below, the plaintiffs' motion to remand must be denied because, although Red Maple Landscape is indeed a citizen of Pennsylvania, at the time Kmart, a non-forum defendant, removed the case to federal court, Red Maple Landscape had not been served. Thus, at the time of removal, jurisdiction for this Court existed and removal was appropriate pursuant to the express language of 28 U.S.C. § 1441(b).

**I.     Factual Background**

Plaintiffs commenced this action when they filed their Complaint in the Court of Common Pleas of Philadelphia County on January 6, 2012. Roosevelt Banks and Martha Banks are the named plaintiffs, and Kmart and Red Maple Landscape are the named defendants. Kmart was served on January 13, 2012. Kmart removed this action to this Court on February 6, 2012. When Kmart removed, Red Maple Landscape had not been served in this action.

Plaintiffs are citizens of the state of Maryland. Defendant Kmart was incorporated under the laws of Michigan and maintains its principal place of business in the State of Illinois. Defendant Red Maple Landscape was incorporated under the laws of the Commonwealth of Pennsylvania and maintains its principal place of business in the Commonwealth of Pennsylvania.

**II.     Discussion**

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Under the removal statute,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added). This restriction on removal is known as the Forum Defendant Rule and provides that "removal is improper if the defendant is a

citizen of the state in which the suit is originally filed." Allen v. GlaxoSmithKline PLC, 2008 U.S. Dist. LEXIS 42491, at *4 (E.D. Pa. May 20, 2008) (citing Korea Exchange Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 48 (3d Cir. 1995)).

Plaintiffs argue that this Court does not have jurisdiction because Red Maple Landscape, Inc. is a citizen of Pennsylvania, where this Court sits. Thus, the Plaintiffs argue that this Court does not have subject matter jurisdiction over this matter and the Court must remand.

Under the plain language of the removal statute, removal is barred only if a defendant is a forum defendant and has been "properly joined and served." 28 U.S.C. § 1441(b). In Copely v. Wyeth, Inc., 2009 U.S. Dist. LEXIS 33703, at *3-8 (E.D. Pa. April 22, 2009), the plaintiff originally filed suit in state court against a non-forum defendant and a forum defendant. The non-forum defendant removed the case to the Eastern District of Pennsylvania. At the time of removal, the plaintiff had not yet served the forum defendant. Plaintiff served the forum defendant two weeks after the case was removed to federal courts. Plaintiff filed a motion to remand, arguing that jurisdiction was not appropriate because one of the defendants was a forum defendant. The motion was denied because the forum defendant had not yet been properly served at the time of removal. Id.

The justification for removal is appropriate in this case. The plaintiffs failed to serve Red Maple Landscape before Kmart removed this action to federal court. Under the plain language of 28 U.S.C. § 1441(b), removal is inappropriate only where one of the "properly joined and served" defendants is a citizen of the forum state. Red Maple

3

Landscape was not served at the time Kmart removed.  The plaintiffs have acknowledged in their motion to remand that Red Maple Landscape might not even be the proper defendant - the plaintiffs have filed a separate cause of action in the Court of Common Pleas, Philadelphia County, against a different entity, "Redmaple Nursery," arising from the same events in the instant action and ask this Court to amend the caption of the Complaint to "Redmaple Nursery d/b/a red Maple Landscaping and Nursery." Regardless, neither forum entity was served before the non-forum defendant removed to federal court.

I note that the plaintiff had the ability to preclude removal by first serving the forum defendant; instead, the plaintiffs' litigation strategy facilitated removal to this Court because the plaintiffs served the non-forum defendant several weeks prior to serving the forum defendant in this case.  Service was not effectuated prior to removal.

### III. Conclusion

Kmart, a non-forum defendant, properly removed this action in accordance with § 1441(b) because Red Maple Landscaping was not properly served prior to removal.  In a diversity action, the Forum Defendant Rule prohibits removal only where one of the defendants is a citizen of the state where the action is brought and has been properly joined and served.  Under the unambiguous language of § 1441(b), the presence of an un-served forum defendant does not prohibit removal by a non-forum defendant in cases where complete diversity exists.  Accordingly, the plaintiffs' motion to remand is denied.

An appropriate Order follows.